UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
SCHNEIDER ELECTRIC USA, INC.,   :
A/K/A SQUARE D COMPANY,         :
et al.,                         :
                                :
         Plaintiffs,            :    NO:  1:11-CV-00801
                                :
     v.                         :
                                :    OPINION AND ORDER
LANDSTAR INWAY, INC.,           :
et al.,                         :
                                :
         Defendants.            :
```

This matter is before the Court on Defendants' Motions to Dismiss (docs. 10, 17), Plaintiffs' Responses in Opposition (docs. 14, 20), and Defendants' Replies (docs. 19, 22). For the reasons indicated herein, the Court GRANTS Defendants' motion, and DISMISSES Count One of the Amended Complaint.

Plaintiff Schneider Electric U.S.A., Inc. entered into a transportation contract with Landstar Inway Inc. to move electrical equipment, which was damaged in transit after the equipment became untarped. After the delivery, Plaintiffs filed this action, and then amended their Complaint so as to assert a breach of contract claim as well as a claim under the Carmack Amendment, 49 U.S.C. § 14706 (doc. 7). Defendants have moved to dismiss Plaintiffs' contract claim, contending such claim is preempted by the Carmack Amendment (docs. 10, 17).

Plaintiffs have responded that their contract claim is not preempted because they pleaded that 1) Landstar was a bailee or

warehouseman, and 2) their claim for breach of contract for attorneys' fees and costs is separate and distinct from the harm to the allegedly damaged equipment at issue (doc. 14). Landstar replies, citing the Honorable Sandra S. Beckwith, of this Court, who stated in 2006 in an identical case that, "[t]he applicable definition of 'transportation,' [in the Carmack Amendment] encompasses storage, as well as shipment" such that "claims relating to damage to shipped goods while stored are also preempted." (doc. 19, quoting Hemsath v. J. Herschel Kendrick Moving and Storage, No. 1:06-CV-04, 2006 WL 1000189 *2 (S.D. Ohio April 14, 2006)). Defendants further reply that Plaintiffs' claim for breach of contract for attorney's fees and costs cannot be considered separate and distinct from the alleged delivery, loss of, or damage to the equipment (Id.). In Defendants' view, Plaintiffs failed to plead that such claims are separate and distinct, and in any event such claims would arise from a breach of contract claim, which is clearly preempted (Id.).

Having reviewed this matter, the Court finds Defendants' position well-taken that Plaintiffs' contract claim is preempted by the Carmack Amendment. Adams Express Co. v. Croninger, 226 U.S. 491 (1913). The contract at issue in this dispute is a transportation contract, and it is inconceivable that any of Plaintiffs' claims in this matter fall outside of the scope of the Carmack Amendment. This case is about damaged goods that travelled

2

in interstate commerce, and it falls squarely within the Carmack Amendment, which preempts state law claims. W.D. Lawson & Co. v. Penn. Central Co., 456 F.2d 419, 421 (6th Cir. 1972)("As to the. . .issue. . .[of] whether or not the Carmack Amendment preempted common law suits. . . we hold that it did."), Hemsath, 2006 WL 1000189 *1 (S.D. Ohio April 14, 2006), Great West Cas. Co. v. Flandrich, No. 2:07-CV-1002, 2009 WL 824719 *8 (S.D. Ohio Mar. 31, 2009).

Accordingly, the Court GRANTS Defendants' Motions to Dismiss Count One of Amended Complaint (docs. 10, 17), and DISMISSES Plaintiffs' contract claim.  This case shall proceed on the basis of Count Two of the Amended Complaint, for damages pursuant to the Carmack Amendment, 49 U.S.C. § 14706.

SO ORDERED.


Dated: March 28, 2012          s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge