UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCHNEIDER ELECTRIC, USA,   :
INC., et al.,   :
   :   NO. 1:11-CV-00801
      Plaintiffs,   :
   :
   v.   :
   :   **OPINION AND ORDER**
LANDSTAR INWAY, Inc., et al., :
   :
      Defendants.   :
   :

This matter is before the Court on Plaintiffs Schneider Electric USA, Inc. and National Union Fire Insurance Company of Pittsburgh, P.A.'s Motion for Reconsideration of the March 29, 2012 Opinion and Order; and Motion for Leave to File Second Amended Complaint, Instanter (doc. 35), Defendant Landstar Inway's Response in Opposition (doc. 41), and Plaintiffs' Reply (doc. 42).

## I.  Background

Plaintiff Schneider Electric U.S.A., Inc. entered into a transportation contract with Landstar Inway Inc. to move electrical equipment, which was damaged in transit after the equipment became untarped.  After the delivery, Plaintiffs filed this action, and then amended their Complaint so as to assert a breach of contract claim as well as a claim under the Carmack Amendment, 49 U.S.C. § 14706 (doc. 7).  Defendants moved to dismiss Plaintiffs' contract claim, contending such claim is preempted by the Carmack Amendment

(docs. 10, 17).  The Court agreed and issued an Order dismissing the contract claim (doc. 35).

Plaintiffs now ask the Court to reconsider its decision dismissing the contract claim, because Defendant Landstar has since raised as an affirmative defense that is acted solely as a broker, and brokers are outside the Carmack Amendment (doc. 35, <u>citing Navigators Ins. Co. v. Freight Tec Mgmt. Group, Inc.</u>, 11-C-7, 2011 WL 4402090 (E.D. Wis. Sept. 19, 2011)).  As such, Plaintiffs contend their contract claim as to Landstar is viable, and request leave to amend their Complaint so as to plead such claim in the alternative against Landstar (<u>Id</u>.).

Defendants oppose both reconsideration and the filing of an Amended Complaint (doc. 41).  In Defendants' view, there is no clear error to correct, no manifest injustice to prevent, and no change in the law so as to justify reconsideration (<u>Id</u>.).  Defendants further contend they will be prejudiced if Plaintiffs are allowed to amend their Complaint, and that in any event, the amendment would be futile (<u>Id</u>.).

## II. Discussion

Having reviewed this matter, the Court finds Plaintiffs' motion well-taken.  It would appear unjust to preclude Plaintiffs from pleading their contract claim in the alternative, because should it be determined that Landstar is a broker, then Plaintiffs would have no recourse against Landstar.  Defendants have not

demonstrated any real prejudice or undue delay, as Plaintiffs' motion for reconsideration was filed only a little over two months after the Order, and less than a month after Landstar's Amended Answer and Third-Party Complaint.  Although there has been no change in law, there has been a change in the factual nature of this case as Landstar now alleges in its defense that it acted as a broker.  Broker liability survives the enactment of the Carmack Amendment.  <u>Comm'l Union Ins. Co. v. Forward Air, Inc.</u>, 50 F.Supp.2d 255, 259 (S.D.N.Y. 1999), <u>Custom Cartage, Inc. v. Motorola, Inc.</u>, No. 98 C 5182, 1999 WL 89563, at *3 (N.D. Ill. Feb. 16, 1999).

The Supreme Court has held that motions for leave to amend pleadings should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Moore v. City of Paducah</u>, 790 F.2d 557, 561 (6th Cir. 1986) (quoting <u>Tefft v. Seward</u>, 689 F.2d 637, 639-40 (6th Cir. 1982)).  Taking into consideration the liberal standard of Fed. R. Civ. P. 15, the Court finds Plaintiff's motion for leave to amend their Complaint for clarification well-taken.  The Court disagrees with Defendant that such amendment would be futile because it very well could ensure Plaintiffs' ability to pursue their rights under the contract.

Accordingly, the Court GRANTS Plaintiffs Schneider

Electric USA, Inc. and National Union Fire Insurance Company of Pittsburgh, P.A.'s Motion for Reconsideration of the March 29, 2012 Opinion and Order; and Motion for Leave to File Second Amended Complaint, Instanter (doc. 35), in all respects, and DIRECTS Plaintiffs to file their Amended Complaint, consistent with this Order.

     SO ORDERED.


Dated: August 7, 2012       /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge